MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} Jeremy Plessinger appeals the trial court's judgment convicting him of aggravated menacing. He asserts that the trial court's decision to select an alternate juror by using a computer game of Solitaire violated his state and federal constitutional rights to a fair trial by an impartial jury and violated the state constitutional provision that the Ohio Supreme Court shall devise rules of procedure for all courts of this state. Plessinger acknowledges that trial counsel did not object to the court's alternate juror selection procedure but asserts that the court's error constitutes plain error and, alternatively, that counsel's failure to object constituted ineffective assistance of counsel.
 {¶ 2} In State v. Parish, 2005-Ohio-7109, which was also on appeal from the Washington County Municipal Court, we decided the same issues that this appeal presents. In Parish we rejected an assertion that the court created plain error when it used the computer game to select a random number to chose an alternate juror. Based upon the holding and rationale in Parish, we affirm the trial court's judgment and use of the identical procedure in this case.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.